861 F.2d 264
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary L. HEARNS, Widow of Lee Hearns, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3850.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Oct. 19, 1988.
 
 Courtney E. Morgan, Chambers, Steiner, Mazur, Orstein & Amlin, P.C., on brief, for petitioner.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor for Black Lung Benefits; Barbara J. Johnson, Counsel for Appellate Litigation; Richard Zorn, U.S. Department of Labor, Office of the Solicitor, on brief, for respondent.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In a claim for black-lung benefits, Lee Hearns is asserted to have moved to West Virginia in 1939, and some time thereafter to have begun working as a coal miner. There is much disagreement as to how long he worked in the mines. His widow contends that he worked 14 or 15 years as a miner before moving to Detroit, Michigan in 1955. The administrative law judge who heard the case found that Hearns worked in the mines for no more than two and one-half years.
 
 
 2
 Several years after moving to Detroit, Hearns began experiencing respiratory problems. In 1978, he filed a claim for pneumoconiosis benefits. Two physicians who examined him, however, found that his respiratory problem was chronic bronchitis and was not caused by his previous work as a coal miner. The Department of Labor, in a letter dated May 15, 1980, notified Hearns that his claim had been denied. In March of 1982, another physician diagnosed Hearns as having carcinoma of the lung and opined that such condition was related to his work in the mines. On April 26, 1982, he filed another claim for black-lung benefits. Hearns died on August 4, 1982 of lung cancer and brain metastasis. His widow succeeded to his claim for benefits and filed her own claim on October 4, 1982.[1]
 
 
 3
 The 1982 claims were denied by the Department of Labor, and pursuant to Mrs. Hearns' request, a hearing was held before an ALJ on June 13, 1985. The ALJ denied benefits, holding that the evidence failed to establish that Hearns had worked in the mines longer than two and one-half years. The ALJ found no evidence that he had suffered from black-lung disease or that his respiratory problems and death resulted from his work in the mines. However, the ALJ found that Hearns' death was due to a chronic respiratory disease. On appeal, the Benefits Review Board affirmed the ALJ's decision.
 
 
 4
 Mrs. Hearns then petitioned the Sixth Circuit for review of the decision of the Benefits Review Board. The petition was transfered to the Fourth Circuit. Mrs. Hearns contends that the finding as to the length of her husband's service as a miner was erroneous and wrongly precluded her from obtaining black-lung benefits.
 
 
 5
 The Government asserts that Mrs. Hearns and her husband filed their claims for black-lung benefits after January 1, 1982 thereby foreclosing Mrs. Hearns from taking advantage of a presumption that her husband's death was due to pneumoconiosis. Because we have concluded that Mrs. Hearns is precluded from taking advantage of a presumption of death due to pneumoconiosis it is unnecessary to consider the issue raised by the petitioner, namely, whether the ALJ and Benefits Review Board erred in finding that her husband had worked less than 10 years in the mines.
 
 
 6
 To qualify for black-lung benefits a claimant must establish that (1) the miner suffered from pneumoconiosis, (2) the pneumoconiosis arose out of employment in coal mines, and (3) the miner was totally disabled by pneumoconiosis or died as a result of the disease. 20 C.F.R. Sec. 718.202 through Sec. 718.205. The claimant who seeks to establish those facts bears the burden of proof, unless he or she qualifies for a presumption under the applicable administrative regulations. See 20 C.F.R. Sec. 718.403. Mrs. Hearns does not contend that she has directly proved that her husband suffered from black-lung disease. However, she seeks to satisfy her burden by relying on the rebuttable presumption that a deceased miner's death was due to pneumoconiosis if he worked at least ten years in the coal mines and died from a respirable disease. 20 C.F.R. Sec. 718.303(a). Petitioner contends that she was wrongly denied the benefit of that presumption when the ALJ ruled that her husband had worked less than 10 years in the mines.[2] Had she been able to invoke that presumption, petitioner would have been entitled to a further presumption that the pneumoconiosis arose out of the employment in the mines. 20 C.F.R. Sec. 718.302. Unless rebutted, the two presumptions would have allowed her to qualify for black lung benefits.
 
 
 7
 It is unnecessary for this Court to review the findings as to the length of time Hearns worked in the mines. Mrs. Hearns cannot qualify for the presumption of pneumoconiosis on the basis of her husband's length of service in the mines because that presumption does not apply to claims filed after January 1, 1982. 30 U.S.C. Sec. 921(c)(2); 20 C.F.R. Sec. 718.303(c). The appeal involves two claims, one filed by Hearns on April 26, 1982, and another filed by his widow on October 4, 1982. Since both were filed after January 1, 1982, the presumption set forth at 20 C.F.R. Sec. 718.303 simply does not apply.
 
 
 8
 One vague suggestion is advanced in Mrs. Hearns' brief that the post-January, 1982 claims here involved are in point of actual fact merely amendments to the claim filed by Hearns in 1978. Mrs. Hearns' brief, however, mentions the assertion only in passing in the statement of facts and does not elaborate on the issue in argument.[3] We, nevertheless, evaluate the contentions that the claims at issue were really filed in 1978. If that were the case, Mrs. Hearns might be able to invoke the presumption in 20 C.F.R. Sec. 718.303.
 
 
 9
 The evidence in the record convinces us that the 1978 and 1982 claims are completely separate and that the only claims at issue in the present appeal are those filed in 1982. Hearns' 1978 claim was denied by the Department of Labor in a letter dated May 15, 1980. That letter, as mandated by 20 C.F.R. Sec. 725.410(c), notified Hearns that he had 60 days to submit additional evidence. Although the Government argues that Hearns did not submit such evidence, there is evidence to the contrary in the record. In a letter dated May 17, 1980, Hearns notified the Department of Labor that he was submitting a certificate from the United Mineworkers union as proof of his work in the mines. Hearns' letter, it is true, appears to be responding, not to the denial letter of May 15, 1980, but to an earlier letter. Nonetheless, Hearns' production of the UMW certificate two days after the Department's letter denying his claim could be considered a submission of additional evidence as per 20 C.F.R. Sec. 725.410(c)(2). The administrative regulations provide that if, after consideration of additional evidence, the Department again rejects a claim for benefits, the claimant has 60 days to request a hearing on the issue. 20 C.F.R. Sec. 752.410(c)(2). If no such request is made the claim will be considered abandoned. There is no evidence in the joint appendix of a request by Hearns for a hearing after the denial of the 1978 claim. In the absence of such evidence we conclude that Hearns abandoned his 1978 claim.
 
 
 10
 Throughout the various stages of this proceeding in the Department of Labor, Mrs. Hearns and the adjudicating officers seem to have assumed that the 1978 claim had been abandoned. The ALJ wrote that "[i]t is the post January 1982 claims which are before me for discussion, the denial of the 1978 claim not being appealed." In addition, as already noted, Mrs. Hearns listed only the 1982 claims as being at issue in her appeal from the ALJ's decision. (J.A. 165).
 
 
 11
 Mrs. Hearns' inability to prove her husband suffered from black-lung disease is fatal to her claim for benefits.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 In her current appeal, only the 1982 claims are treated as being in issue
 
 
 [2]
 Mrs. Hearns claims that she would be entitled to the presumption if her husband had worked in mining for at least 10 years because the ALJ found that her husband's death was due to a chronic respiratory disease. Whether or not a "chronic respiratory disease" qualifies as a "respirable disease" under 20 C.F.R. Sec. 718.303(a) is an issue that we need not resolve
 
 
 [3]
 Nor was a reply brief filed